UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN D. MCGEE, | ) |
| Petitioner, | ) |
| v. | ) No. 4:25-CV-00103 JMB |
| VALERIE HUHN, | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of petitioner Kevin D. McGee's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. For the following reasons, the Court will dismiss the application for writ without prejudice for failure to exhaust his state court remedies.

## Background

Petitioner is a self-represented litigant who is currently detained at the Southeast Missouri Mental Health Center (SEMHC) in Farmington, Missouri. In his letter to the Court sent on January 21, 2025, and docketed as his initial petition, petitioner asserts that he would like to leave SEMHC pursuant to Mo. Rev. Stat. § 552.040, which is a Missouri statute governing the conditional and unconditional release of individuals from commitment in a state hospital. Because the initial petition was not on a Court-provided form, the Court required petitioner to amend his pleading.

In his amended petition, petitioner states that he plead not guilty by reason of insanity (NGRI) on June 8, 1988. He explains that he had been charged with flourishing a weapon, felony stealing and third-degree misdemeanor assault in *State v. McGee*, No. CR-587-1152. The Missouri state court purportedly accepted petitioner's NGRI plea and, pursuant to Missouri Revised Statute

§ 552.030, the court ordered petitioner committed to the custody of the Director of the Missouri Department of Mental Health (DMH). The Court has been unable to find petitioner's criminal case on Case.net, Missouri's online case management system. This is likely because the case resulted in an acquittal by reason of insanity. Nevertheless, petitioner acknowledges that he never filed a direct appeal.

In the amended petition, rather than state specific grounds for conditional or unconditional release, he states that he experienced "double jeopardy" and "manifest injustice" relative to his 1988 NGRI plea. He believes he was subject to a "railroad job by attorney Scott Albers" and he claims he was told that he would only be in the hospital six months. Nonetheless, he claims that he was held in Farmington Hospital for eight years, even though he was "acquitted NGRI." Thus, he seeks to be released from SEMHC.

The Court has reviewed Missouri Case.Net and found that on July 8, 2024, petitioner filed an application for conditional release from DMH custody in Cape Girardeau County court. *McGee v. Huhn*, No. 24CG-CC00233 (32nd Jud. Cir., Cape Girardeau County Court). On August 1, 2024, the Circuit Court dismissed the action because petitioner had filed the matter in the wrong jurisdiction.[1] Unfortunately, petitioner failed to seek additional habeas relief in Missouri state court relating to his request for conditional or unconditional release.

---

[1] It appears that petitioner had previously filed two habeas petitions which were consolidated into *McGee v. Anderson*, No. 24SF-CC00099 (24th Jud. Cir., St. Francois County Court), in which he argued that his original NGRI plea in 1988 was unknowing and involuntary. The Honorable Patrick King denied the application for writ on December 6, 2024, finding that not only were petitioner's arguments duplicative and successive, but substantively there was no reason to grant the petition. If, in fact, petitioner is attempting to litigate his 1988 NGRI plea in this instance, that matter is time-barred given that his original NGRI was in 1988.

## Discussion

To the extent petitioner is seeking a ruling by this Court on his petition for unconditional release filed in the state court, his request is subject to dismissal because he has not exhausted his available state remedies. Title 28 U.S.C. § 2254(b)(1)(A) prohibits a grant of habeas relief on behalf of a person in state custody unless that person has "exhausted the remedies available in the courts of the State." The exhaustion requirement applies with equal force when a habeas petitioner seeks to challenge state custody pursuant to a civil commitment. *See Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009).

"To satisfy the exhaustion requirement, a person confined in a Missouri State Hospital must apply for release under section 552.040 before filing a petition for a writ of habeas corpus," and if that application is denied, the confined person must appeal to the Missouri Court of Appeals. *Kolocotronis v. Holcomb*, 925 F.2d 278, 279 (8th Cir. 1991) (internal citation omitted). Here, based on the record, petitioner has failed to apply for conditional release in the proper Missouri state circuit court. Even assuming an adverse ruling had been made, plaintiff would need to file an appeal to the Missouri Court of Appeals before filing the instant § 2254 habeas petition. Based on the Court's independent review of Missouri Case.net, it does not appear that petitioner has either filed a habeas corpus action in the proper state court or appealed any adverse ruling by the state court to the Missouri Court of Appeals. The Court therefore concludes that petitioner has failed to exhaust his state court remedies, and the instant petition should be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis is **GRANTED**. [ECF No. 3]

**IT IS FURTHER ORDERED** that petitioner's application for writ of habeas corpus seeking conditional or unconditional release from SEMHC is **DENIED** and **DISMISSED** without prejudice due to his failure to exhaust his administrative remedies.

A separate Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 18th day of February, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE